**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br><br>MIGUEL A. MALDONADO PEREZ<br><br><br><br>Debtor(s) | CASE NO. 18-05207-BKT13<br>Chapter 13 |
| MIGUEL A. MALDONADO PEREZ<br><br><br>Plaintiff<br>vs.<br><br><br>BANCO SANTANDER DE PUERTO RICO<br><br>Defendant | Adversary No. 18-00102<br><br><br><br><br>FILED AND ENTERED ON 11/06/2019 |

**OPINION AND ORDER**

Before this court is a *Motion for Summary Judgment* [Dkt. No. 28], filed by Miguel A. Maldonado Perez (hereinafter "Debtor" or "Plaintiff"), a counter *Motion for Summary Judgment* [Dkt. No. 31] filed by Banco Santander de Puerto Rico (hereinafter, "Santander" or "Defendant"), an *Opposition to Santander's Motion for Summary Judgment* [Dkt. No. 38] filed by Plaintiff, an *Opposition to Plaintiff's Motion for Summary Judgment* [Dkt. No. 49] and a *Reply to Plaintiff's Opposition to Santander's Motion for Summary Judgment* [Dkt. No. 54] filed by Defendant, and a *Sur-reply to Defendant's Reply* [Dkt. No. 58] filed by Plaintiff.

For the reasons discussed below this Court concludes that it lacks jurisdiction to hear the

1

complaint.

## I.     Factual Background

On September 8, 2018 Debtor filed his bankruptcy petition under the provisions of Chapter 13 of the Bankruptcy Code. See, Main Case No. 18-05207, Dkt. No. 1.

Debtor listed Santander as a secured creditor with a mortgage lien over a real property located at #P-10 Chapultepec Street, Park Gardens, San Juan, Puerto Rico and identified as lot #16,861 recorded in section V of the San Juan Registry of Property (hereinafter the "Property"). See, Main Case No. 18-05207, Dkt. No. 1, Schedule D.

However, Adamil, Inc. ("Adamil") is the true owner of the Property subject to the instant adversary proceeding. See, Title Study at Dkt. No. 32, Exhibit III.

Adamil was a corporation duly incorporated under the Laws of the Commonwealth of Puerto Rico on December 18, 1997. See, Plaintiff's Answers to Santander's first set of Interrogatories at Dkt. No. 32, Exhibit V.

Plaintiff was Adamil's sole shareholder. See, Plaintiff's Answers to Santander's first set of Interrogatories at Dkt. No. 32, Exhibit V.

On December 6, 2006, Adamil obtained a commercial mortgage with Santander over the Property. See, Plaintiff's Answers to Santander's first set of Interrogatories at Dkt. No. 32, Exhibit V.

On the same date, Plaintiff signed a warranty as Adamil's co-debtor for the commercial mortgage with Santander over the Property. See, Warranty at Dkt. No. 32, Exhibit VI.

On April 16, 2014, Adamil's Certificate of Incorporation was revoked. See, Certificate of Revocation at Dkt. No. 32, Exhibit VIII.

2

On July 5, 2018, Santander requested the liquidation of Adamil before state Courts. See, Motion in Compliance with Order at Dkt. No. 32, Exhibit IX.

On September 10, 2018, Plaintiff filed the Adversary Complaint before us for the determination of value of the Property and to determine the extent of the Santander's lien pursuant to Section 506 of the Bankruptcy Code. See, Complaint at Dkt. No. 1.

## II. Legal Analysis

A bankruptcy judge always has the authority and responsibility to determine whether jurisdiction lies over issues presented. The issue of whether a bankruptcy court should abstain from hearing a particular proceeding can be raised *sua sponte* by the bankruptcy court or by motion of a party. 28 U.S.C. § 1334(c)(1)-(2); see also, Sherer v. Carroll, 150 B.R. 549 (D. Vt. 1993); In re Southmark Storage Assoc.Ltd. Partnership, 132 B.R. 231 (Bankr. D. Conn. 1991).

28 U.S.C. § 1334 provides, in relevant part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) …[N]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Bankruptcy court jurisdiction extends to all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). This section provides the bankruptcy court with three distinct jurisdictional bases: all cases filed under 11 U.S.C.; all proceedings "arising under" 11 U.S.C.; and, all proceedings "arising in or related to" 11 U.S.C. The United States District Court for the District of Puerto Rico, by a standing Order dated July 19, 1984, has referred to the bankruptcy court pursuant to 28 U.S.C. §157(a) all cases in which

3

jurisdiction is premised under title 11 of the United States Code. See L. Cv. R. 83K(a) (D.P.R. 2009).

Such jurisdiction is not unlimited, however. There must be some nexus between the "related" proceeding and the bankruptcy case, such that "the outcome of the litigation potentially could have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." In re Boston Reg'l Med. Ctr., 410 F.3d 100, 105 (1st Cir.2005) (internal citations and textual alterations omitted). A proceeding which does not arise under Title 11 or does not arise in or is not related to a case under Title 11 is not appropriate for bankruptcy judicial determination.

"In the absence of any tangible effect on the bankruptcy case, bankruptcy courts have regularly concluded that they lack jurisdiction to resolve claims." In re Boston Reg'l, 410 F.3d at 105. A proceeding is related to bankruptcy if the outcome of that proceeding could conceivably have any effect on the bankruptcy estate. See, In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir.1991), overruled on other grounds by Connecticut Nat'l Bank v. Germain, 503 U.S. 249 (1992); Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir.1984), overruled on other grounds by Things Remembered v. Petrarca, 516 U.S. 124 (1995); TD Bank, N.A. v. Sewall, 419 B.R. 103, 105–06 (D.Me.2009); In re Twinlabs Personal Injury Cases, 2004 WL 435083, *1 (S.D.N.Y.2004) ("The standard for 'related to' jurisdiction over a suit is 'whether its outcome might have any "conceivable effect" on the bankrupt estate.'" (quoting, In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir.1992)).

Ordinarily, bankruptcy courts do not have jurisdiction over disputes between non-debtor

4

parties where the dispute does not involve property of the estate, does not affect administration of the estate, or will not affect recovery of creditors under a confirmed plan. 28 U.S.C. § 1334.

In order to entertain Plaintiff's complaint, we must find jurisdiction under the "arising in, arising under or related to" provision. Having considered the pleadings filed by both Plaintiff and Defendant, this Court finds that no property of the estate is involved in the instant adversary proceeding. Therefore, this Court lacks jurisdiction to entertain Plaintiff's complaint.

Section 541(a)(1) of the Bankruptcy Code defines property of the estate. The estate is created as of the petition date, and "is comprised of all legal or equitable interests of the debtor in property," … "wherever located and by whomever held." What is property of the estate within the scope of the broad definition of section 541(a)(1) is determined by federal and state law. "Federal law determines what is property for purposes of section 541(a)(1)," and "applicable state law determines whether an interest in property exists, however, and if so, the nature and scope of the rights associated with that interest." Lawrence Ponoroff, Construction Claims in Bankruptcy: Making the Best of a Bad Situation, 11 Bankr. Dev. J. 343, 374 (1995).

"Filing for bankruptcy does not create new property rights or value where there previously were none." In re Messina, 687 F.3d 74, 82 (3d Cir. 2012); Butner v. United States, 440 U.S. 48, 56, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979) (noting that the holder of a property interest "is afforded in federal bankruptcy court the same protection he would have had under state law if no bankruptcy had ensued").

Here, Plaintiff has no legal interest in the Property subject of the instant adversary proceeding. Just like a stockholder in a publicly traded corporation, Plaintiff cannot treat Adamil's corporate Property as his own without violating the principles of incorporation. "[W]hile the

individual's interest in the partnership or corporation (which could be 100%) would be property of the estate, the assets of the partnership or corporation would not be." See, Collier on Bankruptcy ¶ 101.30 (16th ed. 2019). Since Plaintiff achieved certain advantages by creating a corporation, such as protecting his own assets from satisfaction of corporate debts, he has foregone the ability to claim ownership of the corporate assets.

Unfortunately for the Plaintiff, under Puerto Rico Law, even after the dissolution of Adamil, its corporate assets do not transfer to its shareholders. Even though Adamil is civilly dead, its assets are subject to administration in equity as a trust fund for the benefit of its creditors. See, 14 L.P.R.A. § 3709. Therefore, Adamil's assets, mainly the Property, are not property of the Plaintiff and therefore cannot become property of Plaintiff's bankruptcy estate.

Where there is an arguable connection, the court should "determine the relative 'greyness' of the various causes of action." Matter of Tvorik, 83 B.R. 450, 455 (Bankr.W.D.Mich.1988). In this proceeding there is no "greyness." The bankruptcy court may only exercise "arising in, arising under or related to" jurisdiction over non-estate property where the dispute will affect the general creditors of the estate. Because the Property involved here is not property of Plaintiff's bankruptcy estate and resolution of this matter will not affect the creditors of the Plaintiff, this Court has no jurisdiction to determine this matter.

Accordingly, we conclude that bankruptcy court jurisdiction does not exist over this proceeding. All other pending motions related to this Adversary Proceeding are DENIED as moot. The case is dismissed. The Clerk to enter Judgment consistent with this opinion and order and close the adversary proceeding forthwith.

SO ORDERED.

In San Juan, Puerto Rico this 6th day of November 2019.

Brian K. Tester
U.S. Bankruptcy Judge

7