**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 18-05207 (BKT) |
| | Chapter 13 |
| MIGUEL ANGEL MALDONADO PEREZ | |
| Debtor | |
| MIGUEL ANGEL MALDONADO PEREZ | Adversary No. 18-00102 (BKT) |
| Plaintiff | |
| vs. | |
| BANCO SANTANDER PUERTO RICO | FILED & ENTERED ON 2/13/2020 |
| Defendant | |

**OPINION AND ORDER**

Before the court is Miguel Ángel Maldonado Pérez's (hereinafter "Debtor" or "Plaintiff") *Motion to Alter or Amend Opinion and Order* [Dkt. No. 63], along with Banco Santander Puerto Rico (hereinafter "Santander" or "Defendant") *Opposition to Plaintiff's Request to Alter and Amend Opinion and Order* [Dkt. No. 64]. This controversy stems from the court's Opinion and Order [Dkt. No. 59] denying Plaintiff's *Motion for Summary Judgement* [Dkt. No. 28] by determining that the Court lacked jurisdiction under the "arising in, arising under or related to" provision to hear the complaint because there was no property of the estate involved in the Adversary Proceeding. Plaintiff requests reconsideration of the Opinion and Order and/or to Alter and Amend Judgement, pursuant to Federal Rules of Civil Procedure 59(e) and Rule 9023 of the

1

Federal Rules of Bankruptcy Procedure. For the reasons stated below, Plaintiff's *Motion to Alter and Amend Opinion and Order* is DENIED.

Reconsideration of a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment. It is directed at allowing a court to correct its own errors. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982). One of primary purposes of motions under Fed. R. Civ. P. 59(e) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023 and 9024) to alter, amend or vacate judgment after its entry or, in limited circumstances, reconsider substantive aspect of previously rendered determination is to permit correction of manifest errors of law or misapprehension of fact. Rules are not designed to furnish a vehicle by which a party may reargue matters already argued and disposed of, nor are they aimed at providing mechanism by which new arguments or legal theories, which could and should have been raised prior to issuance of judgment. In conformity with Fed. R. Civ. P. 59(e), a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting, Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e). The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F 3rd at 7 (citing, 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

The court emphasizes that the First Circuit has recognized that "[a] motion for

reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir. 2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr. D.P.R. Aug. 29, 2013); Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009). Motions for reconsideration should not be used to relitigate issues already decided or as substitute for appeal.

After considering the arguments raised by both parties, this court finds that Plaintiff's motion to alter and amend judgement, does not provide the court with any grounds, compelling facts or law in support of reversing the prior decision. Moreover, the court finds the arguments raised in Santander's opposition compelling and legally sound, and hereby adopts them in their entirety for the purposes of this Opinion. In order for the court to be able to even revisit the Opinion and Order, Plaintiff must establish at least one of the standard elements for a motion for reconsideration in support of their arguments. In requesting a reconsideration of the Opinion and Order [Dkt. No. 59] Plaintiff failed to establish appropriate grounds as to a manifest error committed by this court and was unsuccessful in presenting new evidence or bringing forward any change in controlling law.

With the exception of adding a sworn statement to his motion to alter and amend judgement alleging that the Corporation known as Adamil, Inc. has never existed, rather, it has always been an alter ego of the Debtor, Plaintiff's motion attempts to rehash the same arguments that were already considered and found insufficient by this court. However, for the sake of argument, even

if this Court were to accept as true that the corporation is "a shell and arguably a sham"[1] (see Dkt. No. 63, paragraph 16 of Plaintiff's *Motion to Alter and Amend Opinion and Order*), it still would not change the outcome of the case. The Plaintiff has not provided the court with the necessary or appropriate documentation to grant the request to strip the bank's lien because the property is not in the name of the Debtor, even if the corporate entity was a shell or a sham.

For all the reasons stated above, the court concludes that Plaintiff has failed to establish the legal requirements for reconsideration and to alter and amend judgement. Therefore, this court finds that the Plaintiff is not entitled to reconsideration under Rule 9023 of the Federal Rules of Bankruptcy Procedure. Plaintiffs' *Motion to Alter and Amend Opinion and Order* [Dkt. No. 63] is DENIED.

SO ORDERED.

In San Juan, Puerto Rico this 13th day of February 2020.

Brian K. Tester
U.S. Bankruptcy Judge

---

1 This Court cautions the Debtor that said admission may expose him to civil and/or criminal investigation and/or prosecution.

4